# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NATHANIEL STEWART,**

    Plaintiff,

vs.                                             Case No. 4:19cv42-MW/CAS

**JULIE L. JONES, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis, initiated this case by submitting a civil rights complaint, ECF No. 1. After review, an Order was entered which explained to Plaintiff that the complaint was insufficient as filed. ECF No. 12. Plaintiff was advised about several technical deficiencies with the complaint, but more importantly, he was advised that a § 1983 civil rights complaint must demonstrate that a "defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert.

denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983) (quoted in ECF No. 12). Plaintiff was advised that he must file an amended complaint which contains those factual allegations. ECF No. 12.

Plaintiff's amended complaint has been filed and corrects some of the issues previously addressed, but it is now apparent that Plaintiff is challenging the loss of gain time after he was returned to prison in August 2012. ECF No. 15 at 6. Plaintiff alleges that he was conditionally released from prison in 2008 after serving a significant portion of his 30 year habitual offender sentence. *Id.* He was, however, returned to prison after being found guilty of burglary of a structure. *Id.* In August 2012, he received a monthly gain time report which he contends wrongfully extended his sentence by 10 years. *Id.* Plaintiff contends that the sentence expiration date should not have been extended, his sentence should not have been consecutive to his prior case, and he is now improperly serving a 40-year sentence instead of a 30-year sentence. *Id.* at 7-8. He sought to have this corrected by filing grievances and filing petitions in state court. *Id.* at 7. Plaintiff was not successful and now requests issuance of an Order from this Court to require prison officials to update his sentence to time served. *Id.* at 9.

Thus, Plaintiff is seeking to use this civil rights case to "correct" or modify his gain time calculation so he can have a speedier release from his current incarceration. However, the law is clear that one may not seek monetary damages or injunctive relief from a civil rights case which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).

"In Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372–73, 129 L. Ed. 2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)).

Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

In general, there are two categories of prisoner cases; there are those which challenge the fact or duration of confinement and those which challenge the conditions of that confinement. *See* Preiser, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release," *see* Heck, 114 S.Ct. at 2369, and a civil rights action challenges the conditions of prison life. Here, Plaintiff's amended complaint demonstrates that he is improperly seeking to use this civil rights case to correct his sentence calculation. Because that relief is not available in a § 1983 action, this case must be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note

Case No. 4:19cv42-MW/CAS

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**